```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-22617-CIV-UNGARO
                              MAGISTRATE JUDGE P.A. WHITE
```

| | |
|---|---|
| CRAIG WILLIAMS,                    : | |
| Plaintiff,                         : | |
| v.                                 : | REPORT OF |
|                                      | MAGISTRATE JUDGE |
| OFFICER SCOTT, ET AL.,             : | |
| Defendants.                        : | |

## I.  Introduction

The plaintiff Craig Williams, currently housed at the Florida Civil Commitment Center ("FCCC"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 for monetary damages and other relief concerning events that occurred at the Miami-Dade Pretrial Detention Center ("PTDC"). (DE# 52). Williams named as defendants PTDC officers Jeff Scott, Patrick Byrd, and Humberto Jimenez. (DE# 132, 137-38). In a November 13, 2008 Report, the Undersigned provided a description of the claims, contained in the operative complaint, against these defendants:

> Counts 1 and 3 - Excessive Force and Failure to Intervene
>
> The plaintiff raises the following allegations of excessive force and failure to intervene.
> On October 6, 2004 at the FCCC the plaintiff was placed in full restraints by [officers] Rios and Abbott[1] to be transported to the state court in Miami-Dade County. [DE# 52, ¶¶24-26]. Upon his arrival at the PTDC for temporary detention prior to the scheduled state court appearance at 9:10 a.m., Defendants Scott and Byrd approached him and demanded that he remove his religious diadem (hat). [Id. ¶28]. When the plaintiff refused, advising Scott and Byrd that he

---

[1] Williams named Rios and Abbot as defendants in the complaint, but later moved to voluntarily dismiss them from the lawsuit. (DE# 122).

>had a First Amendment right to wear the diadem, Scott
>confiscated it. [Id.]. Five minutes later, at 9:15 a.m., the
>diadem was returned and he placed it back on his head. [Id.
>¶29]. After the court appearance, at around 9:40 a.m., Byrd
>violently snatched the diadem from the plaintiff's head. [Id.
>¶30]. When the plaintiff protested, Byrd and Officer Doe
>physically attacked him, while he was in full restraints, by
>grabbing his neck from behind and slamming his head and back
>into the iron bars near the PTDC exit door, and then choking
>and threatening to kill him and slamming his head into a
>booking desk. [Id. ¶¶31-33]. The plaintiff alleges that Rios,
>Abbott, and Jimenez witnessed the attack but stood by and
>failed to intervene to assist him. [Id. ¶32]. He also
>alleges that Jimenez encouraged Byrd and Doe to attack the
>plaintiff, and later followed the plaintiff to the escort van
>and threatened him. [Id. ¶34]. The plaintiff states that the
>attack lasted about 15 minutes, and it took eight to ten
>officers to restrain Byrd and stop the attack. [Id. ¶33].

(DE# 56, p. 10-12). As a result of these incidents, Williams alleged that he suffered permanent physical injuries. (DE# 56, p. 2). He requested compensatory and punitive damages and equitable relief. (DE# 52, p. 23; 56, p. 2). The Undersigned concluded that Williams raised sufficient facts to state a claim that Scott and Byrd engaged in excessive force which resulted in physical injury and a claim that Jimenez failed to intervene and/or incited other officers to injure Williams further. (DE# 56, p. 18-19). The District Court entered an order adopting the Report in its entirety. (DE# 69).

Scott and Jiminez jointly filed a motion for summary judgment (DE# 126). In a February 24, 2010 Report, the Undersigned recommended that the joint motion be denied as to Scott on the use of excessive force claim and be denied as to Jimenez on the failure to intervene claim. (DE# 175). The District Court subsequently adopted this recommendation. (DE# 184).[2]

---

[2] Because defendant Byrd passed away after Williams filed the complaint, Scott and Jimenez filed a suggestion of death as to Byrd pursuant to Federal Rule of Civil Procedure 25(a). (DE# 117). Williams filed a document captioned "reply to defendant Patrick Byrd's notice of suggestion of death" wherein Williams sought "to substitute this defendant with either the legal representative of the deceased [party's] estate, or alternatively the executor, administrator, and/or distributee of the estate of defendant Patrick Byrd." (DE# 142). In the February 24, 2010 Report, the Undersigned treated this filing as a motion for substitution and recommended that the motion be granted. (DE# 175). The District Court did not adopt this recommendation and

In the January 5, 2009 Order Scheduling Pretrial Proceedings When Plaintiff is Proceeding Pro Se, this Court ordered:

> 4. On or before June 22, 2009, the plaintiff shall file with the Court and serve upon counsel for the defendants a document called "Pretrial Statement." The Pretrial Statement shall contain the following things:
>
>    (a)   A brief general statement of what the case is about;
>
>    (b)   A written statement of the facts that will be offered by oral or documentary evidence at trial; this means that the plaintiff must explain what he intends to prove at trial and how he intends to prove it;
>
>    (c)   A list of all exhibits to be offered into evidence at the trial of the case;
>
>    (d)   A list of the full names and addresses of places of employment for all the non-inmate witnesses that the plaintiff intends to call (the plaintiff must notify the Court of any changes in their addresses);
>
>    (e)   A list of the full names, inmate numbers, and places of incarceration of all the inmate witness that plaintiff intends to call (the plaintiff must notify the Court of any changes in their places of incarceration); and
>
>    (f)   A summary of the testimony that the plaintiff expects <u>each</u> of his witnesses to give.

---

referred the matter back to the Undersigned because "there remain outstanding the related issues of which party bears the burden of ascertaining the identity of the appropriate successor and the requirement of service of the Suggestion of Death on that party and how process is to be served on the appropriate successor once . . . identified." (DE# 184). The Undersigned issued an April 28, 2010 Order directing the plaintiff to supply the Court with a current address for the successors or representatives of the deceased party within thirty days. (DE# 189). The order also denied the plaintiff's motion to compel service of process on the substitute party (DE# 159) and denied as moot the motion to rule on the motion to compel (DE# 162). (DE# 189).

> 5. On or before July 6, 2009, the defendants shall file and serve upon plaintiff a document called "Pretrial Statement," which shall comply with paragraph 4(a)-(f).

(DE# 78).

On January 26, 2010, Scott and Jimenez filed a pretrial statement (DE# 167). In the General Statement, Scott and Jimenez listed several reasons why this Court should grant the defendants' then-pending summary judgment motion. Next, the defendants included a statement of facts that will be offered by oral or documentary evidence. In this section, the defendants provided their version of events. The defendants provided a list of exhibits and witnesses. With respect to the latter, instead of providing witness addresses, the defendants explained that the addresses were contained in Williams's pretrial statement. The "Summary of Testimony" section provided:

> Defendants anticipate calling the following witnesses: Defendants Humberto Jimenez and Jeff Scott, former Defendants, and all witnesses listed in the Internal Affairs report, including the Internal Affairs investigator(s). The substance of these witnesses' prospective testimony are found in their respective declarations or statements made in connection with the Internal Affairs investigation, which resulted in a report, all of which are either attached or referred to in Defendants' Motion for Summary Judgment and the parties' other motions for summary judgment.

(DE# 167).

Williams subsequently moved to strike the defendants' statement (DE# 173) because the defendants allegedly failed to comply with paragraph 4(a)-(f) of this Court's January 5, 2009 Order. Specifically, Williams argued (1) that the general statement was insufficient as it did not give a concise explanation of what the case is about and instead re-argued the motion for summary judgment; (2) that the defendants failed to provide addresses of the witnesses and improperly relied on the addresses listed in the plaintiff's pretrial statement; (3) that the defendants failed to provide a summary of the witnesses' testimony and instead referred to the declarations and statements found elsewhere in the record. (DE# 173). Williams requested that this Court strike the

defendants' pretrial statement and order the defendants to resubmit their pretrial statement in conformance with the January 5, 2009 Order.

The defendants subsequently filed a response in opposition to Williams's motion to strike wherein they argued (1) the four page general statement and corresponding statement of facts adequately advised the plaintiff of the defendants' position and satisfied the Court's orders; (2) that they properly incorporated the plaintiff's pretrial statement witness addresses and will supplement the record if any address appears to be incorrect; (3) that the documents referred to in the summary of testimony section are all in Williams's possession. (DE# 177).

Williams filed a supplemental motion to strike wherein he argued that the defendants' pretrial statement should be stricken for an additional reason, namely, based on the defendants' failure to address the excessive use of force claim still pending against deceased defendant Byrd. (DE# 180). Williams subsequently filed a duplicate copy of his supplemental motion. (DE# 188).

## II.   Analysis

Contrary to Williams's position, the defendants' pretrial statement adequately complied with paragraph 4(a)-(f) of this Court's January 5, 2009 Order.

The general statement explains what the case is about, namely, that "Count 1 is against Officer Scott for excessive force and Count 3 is against Officer Jimenez for failure to intervene." (DE# 167, p. 1). The statement of facts to be offered by oral or documentary evidence clearly explains Scott's and Jimenez's version of the incidents involving Williams on October 6, 2004. In addition, the defendants specifically describe Byrd's actions. (DE# 167, p. 3-5). With respect to the defendants' failure to expressly include witness addresses, Williams fails to explain why their reliance on his pretrial statement was improper or allege that the addresses in his statement are incorrect. Finally, Williams does not adequately explain why the defendants' decision to incorporate by reference the witnesses declarations/statements

5

was improper, especially as Williams has been provided copies of these statements at various points during the proceedings.

### III.   Conclusion

Based on the foregoing, it is recommended that:  Williams's Motion to Strike (DE# 173) and Supplemental Motion to Strike (DE# 180, 188) Scott and Jimenez's Pretrial Statement be DENIED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 3rd day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Craig Williams, Pro Se
      No. 990650
      Florida Civil Commitment Center
      13613 S.E. Highway 70
      Arcadia, FL 34266-7829

      Bernard Pastor
      Dade County Attorney's Office
      111 NW 1st Street
      Suite 2810
      Miami, FL 33128-1993