```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 07-22617-Civ-UNGARO-BENAGES
                        MAGISTRATE JUDGE P.A. WHITE

CRAIG WILLIAMS,              :

        Plaintiff,           :

v.                           :      REPORT OF
                                    MAGISTRATE JUDGE
OFFICER SCOTT, ET AL.,       :

        Defendants.          :
_____
```

## Introduction

The plaintiff, Craig Williams, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 against numerous employees, and more pertinent to the discussion in this Report, against Defendant, Officer Patrick Byrd.

By way of background, on August 4, 2008, the plaintiff filed a Second Amended Complaint pursuant to 42 U.S.C. §1983. He seeks money damages and other relief resulting from events which occurred at the Miami-Dade Pretrial Detention Center in October 2004. (DE#52). Specifically, in Count 1, the plaintiff alleged that Byrd used excessive force against him, which resulted in physical injuries, in violation of his rights under the Fourteenth Amendment. (Id.:28,31-32,54).

Meanwhile, during the pendency of this case, codefendants, Jeff Scott and Humberto Jimenez, by and through their undersigned counsel, Assistant County Attorney Bernard Pastor, filed a "Suggestion of Death" indicating that codefendant Byrd had died. (DE#117).

An amended Order was issued by the undersigned instructing the plaintiff to notify the court whether he intended to pursue or dismiss his claim against the deceased Byrd. (DE#131). Thereafter, the plaintiff filed a reply to the Suggestion of Death and this court's order, indicating that he wished to continue with his claim against Byrd, and requested defense counsel to provide information regarding the proper substitution party. (DE#142).

The plaintiff next filed a motion to compel service of process. (DE#159). Construing the arguments raised therein liberally, as afforded *pro se* prisoners, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the plaintiff appeared to argue that the codefendants' Suggestion of Death was deficient because it had not been served on the non-party successor or legal representative of the deceased Byrd in the manner provided for under Fed.R.Civ.P. 4, citing Grandbouche v. Lovell, 913 F.2d 835 (10th Cir. 1990). (Id.:2).

In response thereto, defendants Scott and Jimenez indicate that they were "unaware of any estate created on behalf of Mr. Byrd," but "in an abundance of caution," a courtesy copy of the Suggestion of Death" was sent to Byrd's former spouse. (DE#165:1). The defendants also argue that the complaint should be dismissed against defendant Byrd because the plaintiff has failed to file a timely motion for substitution of party pursuant to Fed.R.Civ.P. 25. (Id.:2).

Thereafter, a Report was entered recommending that plaintiff's reply to Byrd's suggestion of death be construed as a motion for substitution of party, and then granted. (DE#175:16). On April 2, 2010, the district court rejected the recommendation, finding that the reply did not constitute a proper motion for substitution

2

because it did not identify the proper substitute party. (DE#184). The court further rejected yet another Report (DE#176) recommending that the case was ready for trial because of the issues regarding the substitution of defendant Byrd and the service of the Suggestion of Death remained unresolved. (DE#184). This matter was then re-referred to the undersigned for further Report and Recommendation regarding the Suggestion of Death and substitution of the decedent Byrd. (Id.).

On April 28, 2010, the undersigned entered an order directing the plaintiff to identify and serve the proper substitute party, without first considering whether the Suggestion of Death was proper and therefore triggered the 90-day notice pursuant to Rule 26.[1] (DE#189). Meanwhile, extensions of time have been granted, and the plaintiff has attempted to elicit from the defense the identity of Byrd's heirs, successors, or assigns, to no avail.

Thus, this cause is now before the Court for consideration of the Suggestion of Death and the plaintiff's reply thereto (DE#159), as well as, plaintiff's Motion to Compel (DE#206), and the defendants'[2] Motion to Dismiss (DE#207). For reasons set forth below, the defendants' motion to dismiss (DE#207) is due to be denied.

Defendants request dismissal pursuant to Fed.R.Civ.P. 25(a) because the plaintiff has not filed a motion for substitution after receiving the defendants' purportedly properly filed Suggestion of

---

[1] In that order, the court mistakenly placed the burden on the plaintiff to name and serve the proper substitute party before considering the validity of the suggestion of death.

[2] It is unclear from the motion if all defendants, or only Byrd, have filed the motion.

Death as to Byrd.

The law is clear that, despite the mandatory language in Rule 25(a),[3] the Court has substantial discretion to interpret the rule liberally so as to effectuate its underlying purpose.[4] The Rule, however, was amended in 1963 with the express intent "to dispel unwarranted rigidity and [to] allow more flexibility in substitution." Rule 25(a) is not meant to be used as a procedural mechanism to "bar ... otherwise meritorious actions."[5] Instead, its driving purpose is to ensure that all those having a legal interest in the pending suit are aware of the party's death and are alerted to act to preserve their respective rights.[6]

As a threshold matter, defendants' motion depends upon the existence of a valid suggestion of death on the record.[7] In the

---

[3] "If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by ... the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1).

[4] See Fed.R.Civ.P. 25(a) advisory committee's note; Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 601 (D.Kan. 2000); see also, Bessent v. Nat'l Hous. P'ship, No. 1:06-cv-008-SPM, 2008 Wl 1744925, at *2 (N.D. Fla. Apr. 11, 2008)(citing with approval Rende v. Kay, 415 F.2d 983 (D.C.Cir. 1969); Roscoe v. Roscoe, 379 F.2d 94, 99 (D.C. Cir. 1967); Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir. 1966); Al-Jundi v. Rockefeller, 757 F.Supp. 206 (W.D.N.Y. 1990)).

[5] Staggers v. Otto Gerdau Co., 359 F.2d at 296; see also, Hall v. Infirmary Health Sys., No. 06-0791-WS-B, 2008 WL 1774164, at *1 (S.D. Ala. Apr. 15, 2008)("[T]he Court declines to adopt defendants' mechanical reasoning that dismissal must inevitably follow from plaintiff's failure to file a motion for substitution within the 90-day period prescribed by Rule 25(a).").

[6] Rende v. Kay, 415 F.2d at 985.

[7] 3B Moore's Federal Practice §25.13[2] (3d ed. 2007). "The 90 days period for filing the motion for substitution begins only 'after service of a statement noting the death.'" Id. (quoting Fed.R.Civ.P. 25(a)(1)); see also, Broyles v. McCane, 2006 WL 2452486, at *1 (M.D. Ga. Aug. 23 2006)(90 day deadline does not commence until suggestion of death is properly filed and served); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994)(formal statement of death on the record is a prerequisite for application of Rule 25(a)); Int'l Cablevision, Inc. v. Sykes, 172 F.R.D. 63, 66 (W.D.N.Y. 1997)(requiring strict adherence to procedural formalities imposed by Rule 25(a)).

absence of a legally sufficient statement of death on the record, the 90-day deadline in Rule 25(a) does not begin to run.[8] A valid Suggestion of Death under Rule 25(a) requires two conditions.[9] First, a formal statement of death must be placed "on the record" by one with the authority to do so. See Rende v. Kay, 415 F.2d 983, 985 (D.C. Cir. 1969). Second, the statement of death must be properly served pursuant to Rule 25(a)(3).[10] Until such time as both of these conditions are satisfied, dismissal under Rule 25(a) is not triggered.

The Suggestion of Death filed by defendants, Jeff Scott and Humberto Jimenez, by and through their undersigned counsel, who is also counsel for the deceased Byrd, does not attach a copy of the Death Certificate or other qualifying information to support the suggestion. Although it is true that this is not a requirement for proper filing, the law is clear that defendants must file and then serve other parties and nonparty successors or representatives of the deceased with the suggestion of death in the same manner as required for service of a motion to substitute. see Fed.R.Civ.P. 25(a)(1); Inglis v. Buena Vista University, 235 F.Supp.2d 1009 (N.D. Iowa 2002); Atkins v. City of Chicago, 547 F.3d 869 (7th Cir. 2008). This was not done by the defendants here.

Filing a Suggestion of Death on the record has a very narrow role. The filing commences the 90-day period within which a motion

---

[8] Id.

[9] Id.

[10] Pursuant to that rule, a Suggestion of Death must be served in the same manner as a motion to substitute, to-wit, on the parties as provided in Fed.R.Civ.P. 5 and on nonparties as provided in Fed.R.Civ.P. 4. See Fed.R.Civ.P. 25(a)(3).

5

for substitution must be filed.[11] As such, it serves the adversarial function of expediting the substitution of deceased parties. "In practice, it is not unusual for a defendant to suggest death upon the record to impose upon the plaintiff's side the obligation to move for the substitution of a party, as a tactical maneuver of an adversary premised upon expediting the action or getting it dismissed." See Kasting v. Am. Family, Mut. Ins. Co., 196 F.R.D. 595, 599 (D.Kan. 2000)(citing Boggs v. Dravo Corp., 532 F.2d 897, 898-99 (3d Cir. 1976); Rende v. Kay, 415 F.2d 983, 984 (D.C. Cir. 1969); Al-Jundi v. Rockefeller, 88 F.R.D. 244, 246-47 (W.D.N.Y., Oct. 27, 1980); Ten v. Svenska Orient Linen, 87 F.R.D. 551, 552 (S.D.N.Y.1980); National Equipment Rental Ltd. v. Whitecraft Unlimited Inc., 75 F.R.D. 507, 509 (E.D.N.Y. 1977); Yonofsky v. Wernick, 362 F.Supp. 1005, 1011 (S.D.N.Y. 1973). Accordingly, because the act of filing a statement of the death on the record has the potential to have a dispositive impact on the underlying litigation, only properly filed statements of death should be given effect under Rule 25(a).

While Rule 25(a) does not explicitly specify who may properly serve the Suggestion of Death, courts have construed the rule so as to allow the suggestion to be filed by any of the same persons who are permitted to move for substitution.[12] Thus, pursuant to Rule 25(a), the suggestion must be filed by either a party, or by a representative of the deceased party. See Fed.R.Civ.P. 25(a)(1).

In this case, it would be inequitable to construe and be contrary to the purpose of Rule 25 to find that the Suggestion of Death triggered the 90-day deadline because it was never personally

---

[11] 3B Moore's Federal Practice, §25.13[1].

[12] Id. §25.13[2].

served on the personal representative or successor of the deceased defendant Byrd.

Strict adherence to the procedural formalities is required under Rule 25(a). See, e.g., Nat'l Equip. Rental, Ltd. v. Whitecraft Unlimited, Inc., 75 F.R.D. 507, 510 (E.D.N.Y. 1977)(requiring strict adherence to formalities set forth in Rule 25(a) as a condition precedent to commencement of 90-day period). "It is ... the service, not the mere filing, of the statement noting the death that triggers the 90-day period."[13] Therefore, the 90-day period does not begin to run until the Suggestion of Death has been served on all persons pursuant to Rule 25(a)(3). See Kasting v. Am. Family Mut. Ins. Co. 196 F.R.D. at 600-01.

A deceased party's personal representative is a "nonparty" who must be personally served pursuant to Fed.R.Civ.P. 4 before the 90-day deadline is triggered. See Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985); Sanders v. Neubarth, 2006 WL 3780873, at *1 (E.D. Cal. 2006). Requiring personal service on the successor or representative of a decedent's estate ensures that those with the legally cognizable interest in the ongoing litigation: (1) receive actual notice of the lawsuit; and (2) are made aware of the corresponding substitution requirement. See Farris, 769 F.2d at 962; Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990).

As there is no guarantee that the deceased party's attorney will act to protect the legal interests of the decedent's successor(s) or representative(s), decedent's attorney cannot accept service on behalf of the legal successors or

---

[13] 3B Moore's Federal Practice §25.13[1]; Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 601 n.5 (D.Kan. 2000).

representatives. Id. Here, there is no evidence that the Suggestion of Death was ever served on the decedent's successor(s) or personal representative(s). Therefore, in the absence of such proof, the 90-day deadline has yet to begin for purposes of Rule 25(a). See Kasting, 196 F.R.D. at 600-601. Consequently, dismissal of defendant Byrd is not warranted at this time.

Even if the Court assumes, without deciding, that the 90-day deadline set forth in Rule 25(a) was triggered and has elapsed, dismissal of the action would not be mandatory. See Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 601 (D.Kan. 2000). Pursuant to Fed.R.Civ.P. 6(b)(1)(B), the Court is authorized to extend the period within which substitution of a party may be made, even after the 90-day deadline has expired. See Fed.R.Civ.P. 6(b)(1)(B); Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. at 595, 602. The plaintiff here has sought the defendants' compliance with the requirements of Rule 25, and has further attempted to ascertain the personal representative of the decedent in order to effectuate substitution properly. The defendants' representation that "in an abundance of caution," they "sent a courtesy copy of the document to Mr. Byrd's former spouse," does not establish compliance with Rule 25. The defendants do not state that the ex-wife is the representative, nor has the service been in accordance with the Federal Rules of Civil Procedure. Service of a suggestion of death should be treated as a service of summons, as Rules 25 and 4 require. No such showing has been made here.

## Conclusion

Based on the foregoing, it is therefore recommended as follows:

1. Defendants' Joint Motion to Dismiss (DE#207) be DENIED;

2. Defendants effectuate service of the Suggestion of Death on the proper the decedent's successor(s) or personal representative(s) in accordance with Fed.R.Civ.P. 25 and 4; and,

3. Plaintiff's Motions to Compel (DE#s159,206) be granted, solely to the extent that defendants shall cause service of the suggestion to be executed as previously recommended, and proof thereof filed with the court; in addition to, filing a copy of decedent Byrd's Death Certificate.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 2nd day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Craig Williams, Pro Se
DC#990650
Florida Civil Commitment Center
13613 S.E. Highway 70
Arcadia, FL 34266-7829

Bernard Pastor, Ass't County Atty
Dade County Attorney's Office
111 N.W. 1st Street
Suite 2810
Miami, FL 33128-1993