UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22617-CIV-UNGARO

CRAIG WILLIAMS,

    Plaintiff,

v.

JEFF SCOTT, *et al.,*

    Defendants.

_____/

### ORDER ON MOTION TO DISMISS OFFICER PATRICK BYRD

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Officer Patrick Byrd.  (D.E. 207.)  This matter was referred to Magistrate Judge Patrick A. White, who issued a Report recommending that the Motion be denied.  (D.E. 208.)

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

### Background

By way of background, on August 4, 2008, Plaintiff filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 for monetary damages and other relief as a result of events that occurred at the Miami-Dade Pretrial Detention Center in October, 2004.[1]  (D.E. 52, hereinafter "2d Am. Compl.")  In Count 1 of his Second Amended Complaint, Plaintiff asserts that Defendants Scott and Byrd employed excessive force against him, which resulted in physical

---

[1] In his Second Amended Complaint, Plaintiff asserted various claims against Defendants Byrd, Jimenez, Scott, and others, arising out of the incidents in question.  (D.E. 52.)  Upon the recommendations of the Magistrate Judge (D.E. 56, 124, 132), this Court dismissed all but Counts 1 and 3 of the Second Amended Complaint against the above-named Defendants.  (D.E. 69, 136, 137.)

injury to Plaintiff in violation of his rights under the Fourteenth Amendment.  (2d Am. Compl. ¶¶ 28, 31, 32, 54.)  In Count 3, Plaintiff claims that Defendant Jimenez failed to intervene and/or incited other officers to injure Plaintiff during Byrd's alleged attack on Plaintiff in violation of his rights under the Fourteenth Amendment.  (2d Am. Compl. ¶¶ 32, 56.)

On September 21, 2009, Defendants Scott and Jimenez filed a Suggestion of Death, indicating that co-Defendant Byrd had died during the pendency of the action; the Suggestion of Death was served on Plaintiff.  (D.E. 117.)   In a written notice to the Court, Plaintiff expressed his desire to pursue his claim against Defendant Byrd.  (D.E. 142.)  Plaintiff also filed a Motion to Compel Service of Process, in which he argued that Defendants must serve the Suggestion of Death on the legal representative of decedent Byrd in the manner provided for by Federal Rule of Civil Procedure 4.  (D.E. 159.)  In response, Defendants represented that they were unaware of any estate created on behalf of Defendant Byrd, but that, "in an abundance of caution," had sent a courtesy copy of the Suggestion of Death to Defendant Byrd's widow.  (D.E. 165.)

The Magistrate Judge then issued a Report recommending that Plaintiff's reply to the Suggestion of Death be construed as a motion for substitution of party and that such motion be granted.  (D.E. 175.)  The undersigned rejected this recommendation, noting that, though Plaintiff indicated his desire to pursue his claim against Defendant Byrd, this notice could not be construed as a proper motion for substitution, because it did not name the appropriate party to be substituted.  (D.E. 184.)  The Court re-referred the cause to the Magistrate Judge to resolve the issue of the substitution of the proper party for Defendant Byrd.

The Magistrate Judge then issued an Order requiring the Plaintiff to identify and serve the appropriate substitute party within ninety days.  (D.E. 189.)  Following the termination of that

period, during which Plaintiff did not identify or serve a substitute party, Defendants moved to dismiss Byrd from this action.[2]  That Motion is currently before the Court.

The Magistrate Judge then issued a Report recommending that Defendants' Motion to Dismiss be denied.  (D.E. 208.)  The Report notes that, while the Magistrate Judge previously ordered the Plaintiff to identify and serve the appropriate substitute party within ninety days, the Magistrate Judge had so ordered before determining whether the Suggestion of Death filed by Defendants triggered the ninety-day period in which a party may file a motion to substitute.  The Report concludes that the Suggestion of Death did not, in fact, trigger this ninety-day period because it was not served on the decedent's successor or personal representative in the manner prescribed by Rule 4.

The Magistrate Judge thus recommends denying Defendant's Motion to Dismiss.  He further recommends that the Court order Defendants to effectuate service of the Suggestion of Death on the decedent's successor(s) or personal representative(s) in accordance with Federal Rules of Civil Procedure 25 and 4 and to file proof thereof with the Court.  The Magistrate Judge also recommends that the Court order Defendants to file a copy of decedent Byrd's death certificate with the Court.

In their Objections to the Magistrate Judge's Report, Defendants reassert their contention that Byrd should be dismissed from the instant action because Plaintiff has failed to file a motion to substitute the proper party within ninety days of their filing the Suggestion of Death.

---

[2] It is unclear which Defendant(s) filed the Motion to Dismiss Officer Patrick Byrd.  The Court notes that defense counsel's association with Defendant Byrd terminated upon Byrd's death.  *See Al-Jundi v. Rockefeller*, 757 F. Supp. 206, 210 (W.D.N.Y. 1990).  The Court construes the Motion as having been filed by Defendants Scott and Jimenez.

3

Defendants further argue that they are unaware of and should not be charged with identifying the personal representative or successor of Defendant Byrd.  Defendants also restate that information sought by Plaintiff in his attempts to identify the proper substitute party, including personal and financial information of decedent Byrd and his family, is confidential and protected by Florida statute.  (D.E. 212.)  Finally, Defendants object to the Magistrate Judge's recommendation that the Court order them to file a copy of Byrd's death certificate, because Rule does not require such a filing.

Plaintiff has not filed a response to the Motion to Dismiss or to the Magistrate Judge's Report.

## Discussion

Federal Rule of Civil Procedure 25 provides:

> (a)(1) **Substitution if the Claim Is Not Extinguished.**  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> \*   \*   \*
>
> (3) **Service.**  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

Fed. R. Civ. P. 25.

The instant case presents a difficult situation, a solution for which is not readily provided by either Rule 25 or the relevant case law.[3]  The parties have reached an impasse:  Plaintiff

---

[3] In a prior Report, the Magistrate Judge concluded that Plaintiff's claim against Byrd was not extinguished by Byrd's death, a conclusion with which the undersigned concurs.  (*See* D.E. 175.)

wishes to pursue his claim against Byrd but all parties profess either ignorance of incapacity to determine who is the appropriate substitute party. Accordingly, the Court has fashioned a plan to move this case forward—which is sorely needed, given the duration of this action—within the guides of the existing law. Moreover, due to the nature of Plaintiff's claims, which, if successful, could result in joint and several liability among the several Defendants, the Court finds it appropriate to determine how, if at all, Plaintiff's claim against Byrd should proceed before the action against Defendants Scott and Jimenez moves forward.

The Court concurs with the Magistrate Judge's conclusion that, to trigger the ninety-day period in which a motion to substitute must be filed, the party serving the suggestion of death must identify and serve the suggestion of death on the decedent's representative or successor. *See Rende v. Kay*, 415 F.2d 983, 984 (D.C. Cir. 1969) (holding that suggestion of death, which was neither filed by nor identified a successor or representative of the deceased, such as an executor or administrator, was ineffective to trigger the running of the ninety-day period provided by Rule 25). *See also Barlow v. Ground*, 39 F.3d 231, 233–34 (9th Cir. 1994) (holding that ninety-day clock does not begin to run until notice of death served on decedent's successor or representative); *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985).[4]

Here, the Suggestion of Death did not identify Byrd's successor or representative and was not properly served on any such party. While Defendants noted in a previous filing that they sent the decedent's widow a copy of the Suggestion of Death "in an abundance of caution," such

---

[4] The Court does not hold that Defendants have an independent duty to identify Byrd's successor or representative. However, before Defendants may invoke the ninety-day dismissal period, the statement noting death must be served on the successor or representative.

provision does not comply with Rule 25, which requires that service of the statement noting death must be made on nonparties as provided in Rule 4.  Accordingly, the Court finds that the Suggestion of Death did not trigger the ninety-day period in which Plaintiff must file a motion to substitute the appropriate party; Defendant's Motion to Dismiss Officer Patrick Byrd is therefore denied without prejudice.

       The Court is not entirely unsympathetic to Defendants' argument that the remaining Defendants should not bear the burden of identifying the successor or representative of the decedent.  Thus, as discussed further, below, the Court does not place the entire onus of identifying Byrd's successor on Defendants Scott and Jimenez, who claim to be unaware of the identity of any such person.

       Nonetheless, though Defendants Scott and Jimenez may not have an independent duty as co-Defendants to identify Byrd's successor or representative, it was Scott and Jimenez who chose to file the Suggestion of Death and who now seek Byrd's dismissal.  And having filed a Suggestion of Death, Defendants must comply with the requirements of Rule 25, which prescribe service of a statement noting death on nonparties in the manner provided by Rule 4. Accordingly, Defendants must serve the Suggestion of Death on decedent Byrd's widow in accordance with the service requirements set forth in Rule 4 within twenty days from the date of this Order.  *See Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (holding that formal service on the deceased plaintiff's widow was required under Rule 25, despite fact that she was likely aware of husband's death).  Defendants must file a return of service, as detailed below, immediately thereafter.

       The Court notes that the confidentiality concerns raised by Defendants are not without

merit. Florida law protects against the public disclosure of home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses of current and former law enforcement personnel. Fla. Stat. § 119.071(4)(d). Accordingly, in order to prevent the improper disclosure of personal information protected under Florida law, Defendants Scott and Jimenez must file a redacted return of service that omits the address at which Byrd's widow is served, if she is served with the Suggestion of Death at her home. Defendants must also file an unredacted copy of the return of service under seal. Should they fail to comply with this Order, the Court will hold Defendants Scott and Jimenez in contempt of court and will impose sanctions in the amount of a $100 per day fine until Defendants comply with the service requirements detailed above.[5]

While the Court finds that, having filed a Suggestion of Death, the remaining Defendants must comply with the service requirements of Rule 25, Plaintiff is not without responsibility for actively pursuing the proper substitute party for decedent Byrd. If Plaintiff believes Byrd's widow is the appropriate substitute party, within ninety days of Defendants' service of the Suggestion of Death, Plaintiff must move to substitute her as a party to this action. Because Plaintiff is proceeding in this action *in forma pauperis*, the Court will order the U.S. Marshal to serve the motion for substitution on decedent Byrd's widow in the manner prescribed by Rule 4, as required by Rule 25. The Court will then determine whether she is, in fact, the proper substitute party, upon a hearing, if required.

Should Plaintiff, though his own efforts, come to believe another individual is the proper

---

[5] The Court recognizes that this is a severe sanction but notes that, in light of the posture and facts of this case, no lesser sanction is available or appropriate.

substitute party, he must name that individual and provide a current address in a motion for substitution within ninety days of the Defendants' service of the Suggestion of Death. The Court will ensure service of the motion upon such person and determine whether such individual is the proper substitute party.

Plaintiff's claim against Byrd simply cannot linger in a state of limbo indefinitely because both parties profess ignorance of the proper substitute party. Therefore, Defendants must comply with the service requirements of Rule 25 as detailed above. And should Plaintiff fail to move for substitution of decedent Byrd within ninety days of Defendants' service of the Suggestion of Death on Byrd's widow, the Court will dismiss his claim against Byrd without further notice for lack of prosecution and failure to comply with the Court's Order.

Finally, the Court finds that the filing of a certificate or other proof of Byrd's death is not required by Rule 25, and Defendants need not file such proof.

## Conclusion

For the reasons stated above, it is ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report (D.E. 208) is RATIFIED, ADOPTED, AND AFFIRMED in part: the Court adopts the Magistrate Judge's recommendation that Defendants' Motion to Dismiss Officer Patrick Byrd (D.E. 207) be DENIED WITHOUT PREJUDICE.

2. Defendants Scott and Jimenez must serve the Suggestion of Death upon decedent Byrd's widow within twenty days from the date of this Order, in the manner set forth in Rule 4.

3. Defendants must file a redacted copy of the return of service, which omits the home address and any other information protected by Fla. Stat. § 119.071(4)(d) of Byrd's widow.

4. Defendants must file under seal an unredacted copy of the return of service.

5. Defendants must file both copies of the return of service immediately following successful service on Byrd's widow.

6. Within ninety days of Defendants' service of the Suggestion of Death upon Byrd's widow, Plaintiff must file a motion to substitute the proper party for decedent Byrd.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of February, 2011.

                                                            URSULA UNGARO
                                                            UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record
Magistrate Judge White